| | |
|---|---|
| KATMAI SUPPORT SERVICES, LLC, and ) <br> KATMAI INFORMATION ) <br> TECHNOLOGIES, LLC, ) <br> ) <br>       Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KNOXBI COMPANY, LLC, and ) <br> CARNEGIE MANAGEMENT & ) <br> DEVELOPMENT CORP., ) <br> ) <br>       Defendants. ) <br> ) | No. 3:15-CV-014-HBG |

**MEMORANDUM OPINION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 24]. Now before the Court is Defendants' Motion for Judgment on the Pleadings, or in the Alternative, to Limit Plaintiffs' Recovery Against Defendant Knoxbi Company, LLC to Documented Expenses Pursuant to Tenn. Code Ann. § 62-6-103 [Doc. 16], which the Court has considered pursuant to Rule 56 of the Federal Rules of Civil Procedure, [see Doc. 34], will be **GRANTED IN PART** and **DENIED IN PART**.

**I.  BACKGROUND**

Plaintiffs Katmai Support Services, LLC ("KSS") and Katmai Information Technologies, LLC ("KIT"), entered into multiple contracts with Defendant Carnegie Management and Development Corp. ("Carnegie") for construction services in connection with an office building

located at 1501 Dowell Springs Boulevard, Knoxville, Tennessee ("the Property"). The Property is owned by Knoxbi Company, LLC, ("Knoxbi"). [See Doc. 40-1]. The Property was leased to and constructed to be exclusively occupied by the United States Government for use as the offices for the Federal Bureau of Investigation and/or other federal agencies.

Carnegie acted as an agent for Knoxbi in managing the Property and has paid Plaintiffs for a portion of the services rendered. However, Plaintiffs allege that Carnegie has failed and/or refused to pay the balances owed to Plaintiffs. Plaintiffs contend, that at present, Carnegie is indebted to Plaintiff KSS in the principal amount of $103,364.40 and is further indebted to Plaintiff KIT in the principal amount of $33,596.84.

II. POSITIONS OF THE PARTIES

Defendants move the Court to dismiss this case, pursuant to Rule 56 of the Federal Rules of Civil Procedure,[1] or in the alternative, to limit any recovery of Plaintiffs to documented expenses proven by clear and convincing evidence pursuant to Tennessee Code Annotated § 62-6-103. Defendants argue that Plaintiffs failed to obtain a Tennessee contractor's license before performing the construction work for which it now seeks payment. Defendants argue that the failure to obtain a license should bar all of Plaintiffs' claims under applicable Tennessee statutes. Alternatively, Defendants maintain that the Plaintiffs are limited to the statutory recovery outlined in Tenn. Code Ann. § 62-6-103.

Plaintiffs respond that the statutory limits found in Tenn. Code Ann. § 62-6-103 do not limit their recovery, because: (1) they are subcontractors, not contractors or prime contractors; (2) the Defendants were knowledgeable persons in the construction industry; and (3) the license

---
[1] This motion was originally presented as a motion for dismissal under Fed. R. Civ. P. 12, but the Court determined that it must be treated as a motion for summary judgment under Fed. R. Civ. P. 56. [See Doc. 34].

requirement impermissibly interferes with the federal government's right to choose its vendors. In their supplemental filings, Plaintiffs argue that there are genuine issues of material fact precluding summary judgment on the issues presented to the Court.

**III.     STANDARD OF REVIEW**

Summary judgment under Rule 56 of the Federal Rules of Civil Procedure is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a). The moving party bears the burden of establishing that no genuine issues of material fact exist. Celotex Corp. v. Catrett, 477 U.S. 317, 330 n. 2 (1986); Moore v. Philip Morris Cos., Inc., 8 F.3d 335, 339 (6th Cir. 1993). All facts and all inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Burchett v. Kiefer, 301 F.3d 937, 942 (6th Cir. 2002).

"Once the moving party presents evidence sufficient to support a motion under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations." Curtis v. Universal Match Corp., 778 F. Supp. 1421, 1423 (E.D.Tenn.1991) (citing Celotex, 477 U.S. at 317). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable finder of fact could find in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. Id.

The Court's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper question for the finder

3

of fact. Anderson, 477 U.S. at 250. The Court does not weigh the evidence or determine the truth of the matter. Id. at 249. Nor does the Court search the record "to establish that it is bereft of a genuine issue of material fact." Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479-80 (6th Cir. 1989). Thus, "the inquiry performed is the threshold inquiry of determining whether there is a need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson, 477 U.S. at 250.

## IV.   ANALYSIS

Tennessee Code Annotated § 62-6-103(a) directs: "Any person, firm or corporation engaged in contracting in this state shall be required to submit evidence of qualification to engage in contracting, and shall be licensed as provided in this part." Further, § 62-6-103(b) states, "Any contractor required to be licensed under this part who is in violation of this part or the rules and regulations promulgated by the board shall not be permitted to recover any damages in any court other than actual documented expenses that can be shown by clear and convincing proof."

Prior to the enactment of § 62-6-103, it was well-established in Tennessee that unlicensed general contractors were barred from recovery, even on equitable principles, such as quantum meruit or unjust enrichment. While it may appear harsh, "the statutory provision allowing unlicensed contractors to recover only documented expenses proven by clear and convincing evidence is [actually] an expansion of the remedies previously available to unlicensed contractors in Tennessee." Kyle v. Williams, 98 S.W.3d 661, 665 (Tenn. 2003) (citing Chedester v. Phillips, 640 S.W.2d 207, 209 (Tenn. 1982)). However, Tennessee courts find that

4

recovery outside the statutory bounds based upon equitable considerations is barred. See, e.g., Roberts v. Houston, 970 S.W.2d 488, 489 (Tenn. Ct. App. 1997)

In this case, even viewing all facts and all inferences in the light most favorable to the Plaintiffs, the Court finds Plaintiffs first performed work on the Project on August 26, 2011, and last performed work on June 27, 2012. [Doc. 15-3]. The Court further finds Plaintiff Katmai Support Services obtained a Tennessee contractor's license on or about January 30, 2014, [Doc. 16-1 at 5], and Plaintiff Katmai Information Technology obtained a Tennessee contractor's license on or about March 25, 2014, [id. at 2]. Thus, the Court finds that the Defendant appears to have established that there is no genuine issue of material fact as to whether the Plaintiffs were licensed as contractors by the State of Tennessee at the time they performed work on the Project.

The Court finds that no genuine issue of material fact exists as to whether Plaintiffs were general contractors subject to § 62-6-103 and no genuine issue of material fact exists as to whether Plaintiffs failed to comply with § 62-6-103. Therefore, the burden shifts to the Plaintiffs to point to evidence in the record upon which a reasonable finder of fact could find in its favor.

The Court finds that Plaintiffs have failed to demonstrate that a genuine issue exists as to whether they were contractors. Plaintiffs cite the Court to their own responses to interrogatories, in which they describe their role with reference to Carnegie and Knox and state that "Carnegie built and oversaw the construction of the property at issue." [Doc. 45 at 21]. The Court finds that this statement, without supporting evidence, does not demonstrate that a genuine issue of material fact exists.

Similarly the Court finds that Plaintiffs' assertion that the Management Agreement rendered it an agent does not demonstrate an issue of genuine fact. The Court finds that the

5

billings to Carnegie, as Knoxbi's agent manager, do not demonstrate that Knoxbi was anything other than an owner or that Carnegie was anything other than a managing agent.

The Court further finds that Plaintiffs have failed to demonstrate a genuine issue of fact regarding their position that Knoxbi was a contractor and, thus, Plaintiffs were subcontractors. Plaintiffs direct the Court to the "Conditions of Job Contract Agreement Between Owner and Contractor,"[2] which at certain points incorrectly refers to the agreement as a subcontract, [e.g., Doc. 40-4 at 4]. The Court, however, finds that these references do not create a genuine issue of material fact, because throughout the agreement Knoxbi is identified as the Owner and Katmai Support Service is identified as the Contractor, [see id. at 3]. Moreover, the Court finds that the Plaintiffs have failed to direct the Court to any corroborating evidence that would create an issue as to whether the parties entered into the agreement with the intent for Plaintiffs to be subcontractors. Moreover, in their Complaint, Plaintiffs did not allege that they were subcontractors or identify a prime contractor or general contractor other than themselves. [Doc. 10]. The Court finds the reasoning and holding of the Tennessee Court of Appeals in Winter v. Smith, 914 S.W.2d 527, 539-40 (Tenn. Ct. App. 1995) to be persuasive on this issue.

The Court has considered Plaintiffs' position that Defendants were sophisticated parties and, therefore, Tennessee Code Annotated § 62-6-103(a) does not apply to the instant case. The Court finds that the Plaintiffs have not demonstrate a genuine issue of material fact with regard to this position. Again, the Court finds the Winter case to be persuasive on this issue.

Finally, the Plaintiffs initially argued that Tennessee Code Annotated § 62-6-103 was an impermissible limitation on the federal government's right to contract. The Plaintiffs have not

---

[2] The Court would note that Plaintiffs themselves did not take the time to actually refer the Court to any particular part of the document. Instead, Plaintiffs cited the Court generally to the whole, fourteen-page contract, [see Doc. 44 at 2], and the Court has reviewed the contract to find the portions of the contract that could potentially support Plaintiffs' position.

6

developed this position further, and having reviewed Plaintiffs' initial arguments on this point, the Court finds that the Plaintiffs have failed to demonstrate that the statute impermissibly interferes with the federal government's ability to contract or to otherwise demonstrate that an award of partial summary judgment would be inappropriate based upon this issue.

In sum, the Court finds that Defendants have shown there is no genuine dispute as to any material fact and Defendants are entitled to judgment as a matter of law on certain claims identified below. Specifically, the Court finds there is no genuine dispute that: Plaintiffs first performed work on the Project on August 26, 2011, and last performed work on June 27, 2012; Plaintiff Katmai Support Services obtained a Tennessee contractor's license on or about January 30, 2014; and Plaintiff Katmai Information Technology obtained a Tennessee contractor's license on or about March 25, 2014. The Court finds that Plaintiffs engaged in contracting in Tennessee during the relevant period, without qualification and licensing to engage in contracting. See Tenn. Code Ann. § 62-6-103(b). Therefore, Plaintiffs "shall not be permitted to recover any damages in any court other than actual documented expenses that can be shown by clear and convincing proof." Tenn. Code Ann. § 62-6-103(b).

Accordingly, the Defendants' motion will be **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Plaintiffs' damages allegation relating to their breach of contract claim, ¶ 21, will be **STRICKEN** from the record and replaced with the allegation that KIT and KSS are entitled to actual documented expenses that they demonstrate by clear and convincing proof, after giving credit for all payments made by Defendant(s).

2. Plaintiffs' claim for unjust enrichment will be **DISMISSED;**

3. Plaintiffs' claim for promissory estoppel will be **DISMISSED**;

7

4. Plaintiffs' claim for breach of trust will be **DISMISSED**;

5. The damages allegations contained in Plaintiffs' Ad Damnum, ¶¶ 2, 3, 4, 5, 6, will be **STRICKEN** and replaced with the allegation that KIT and KSS are entitled to actual documented expenses that they demonstrate by clear and convincing proof, after giving credit for all payments made by Defendant(s).

## V. CONCLUSION

In sum, the Defendants' motion **[Doc. 16]** will be **GRANTED IN PART** and **DENIED IN PART**.

**ORDER ACCORDINGLY.**

ENTER:

/s/ Bruce Guyton
United States Magistrate Judge