UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| KATMAI SUPPORT SERVICES, LLC, and KATMAI INFORMATION TECHNOLOGIES, LLC, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 3:15-CV-014-HBG ) |
| KNOXBI COMPANY, LLC, and CARNEGIE MANAGEMENT & DEVELOPMENT CORP., | ) ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 24].

Now before the Court is Knoxbi Company LLC's Motion to Amend Counterclaim [Doc. 81]. By way of background, the parties appeared before the Court on March 23, 2016, for a motion hearing. Attorney Philip Robertson was present on behalf of the Plaintiffs, and Attorney Edward Pratt was present on behalf of the Defendants. At the conclusion of the hearing, the Court ordered the parties to participate in mediation and held all pending motions in abeyance until the parties concluded mediation.

The parties participated in mediation without resolving the matter. The Motion to Amend Counterclaim is now fully ripe and ready for disposition.

## I. POSITIONS OF THE PARTIES

The Defendants' Motion to Amend Counterclaim [Doc. 81] requests that the Court grant them leave to amend the counterclaim to add claims under the Tennessee Consumer Protection Act ("TCPA"). Specifically, the Defendants request leave to add violations of Tennessee Code Annotated §§ 47-18-104(b)(5), (12), and (35). The Defendants allege that the Plaintiffs violated those sections by the following actions: (1) representing that their goods and services, and their charges therefor, had the approval of the Defendants; (2) representing that their dealings with the Defendants involved obligations for payments that they (Plaintiffs) knew they did not have and that they (Plaintiffs) knew Defendants did not owe; and (3) representing that they were licensed contractors. The Defendants filed their proposed Answer and Amended Counterclaim [Doc. 81-1] in accordance with Local Rule 15.1

The Plaintiffs filed a Response [Doc. 82] objecting to the Motion to Amend. The Plaintiffs argue that the Defendants have unduly delayed in bringing this Motion and that permitting the amendment places an undue burden on the Plaintiffs. The Plaintiffs also argue that the Motion was brought in bad faith and without notice. Finally, the Plaintiffs assert that the amendment is futile because the TCPA claims are barred by the statute of limitations and that the alleged actions do not constitute violations of the TCPA.

The Defendants filed a Reply [Doc. 83] arguing that their Motion is timely and will not negatively impact trial preparation in this matter. Moreover, Defendants assert that pursuant to Federal Rule of Civil Procedure 15, motions to amend should be freely given. The Defendants argue that there is no undue delay or bad faith in this case and that their Motion to Amend is not futile. Defendants assert that the statute of limitations is tolled when a party has no knowledge that a wrong occurred.

## II. ANALYSIS

The Court has considered the Defendants' proposed pleading, the procedural posture of this case, and the parties' positions. For the reasons explained below, the Court finds the Defendants' Motion to be granted in part and denied in part.

Rule 15 of the Federal Rules of Civil Procedure directs that, where an amendment is not made as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). With this in mind, the Court turns to the Plaintiffs' objections.

The Plaintiffs argue that the Defendants have unduly delayed in bringing the instant Motion and that the amendment places undue prejudice on the Plaintiffs. Since the filing of the instant Motion, the parties participated unsuccessfully in mediation, which necessitated a trial continuance. The parties agreed to continue the trial to December 5, 2016. Therefore, the Plaintiffs have sufficient time to prepare a defense to these claims. Moreover, the Plaintiffs were put on notice that the Defendants planned to allege claims under the TCPA in December 2015 when the Defendants stated so in their Motion for Summary Judgment. The Plaintiffs argue that the Defendants acted in bad faith, but there is no evidence before the Court of bad faith. In addition, this is Defendants' first request to amend their pleadings. Accordingly, the Plaintiffs' argument is not well-taken.

The Plaintiffs also assert that the proposed amendments are futile for several reasons. With respect to Defendants' proposed amendment that Plaintiffs performed unapproved services, the Plaintiffs argue that the TCPA is not applicable. The Plaintiffs emphasize that the context of subsection (5) of the TCPA clearly "refers to some endorsement or approval from a third-party

3

such as falsely advertising the 'approval' of a dietary supplement by the FDA or of a vehicle accessory by Ford." In addition, the Plaintiffs assert that the Defendants sustained no damages. These arguments, however, are better addressed in a dispositive motion wherein both parties have briefed this issue. In any event, the Court will deny this particular amendment for the reasons stated below.

The Plaintiffs assert that the Defendants' TCPA claims are time-barred. The TCPA provides that "any action commenced pursuant to § 47-18-109 shall be brought within one (1) year from a person's discovery of the unlawful act or practice . . ." Tenn. Code Ann. § 47-18-110. Moreover, under the discovery rule, a TCPA cause of action accrues and the statute begins running "when the plaintiff knows or in the exercise of reasonable care and diligence should know that an injury has been sustained as a result of wrongful or tortious conduct by the defendant." Montesti v. Nationwide Mut. Ins. Co., 970 F. Supp. 2d 784, 789 (M.D. Tenn. 2013).

With respect to the Defendants' allegation that the Plaintiffs performed unapproved services, the Plaintiffs argue that the Defendants were clearly on notice when they received invoices for those services in 2012. In their Reply brief, the Defendants failed to address this argument. Accordingly, the Court finds the Plaintiffs' argument, as to this allegation only, well-taken.

The Plaintiffs also argue that with respect to the allegations that Plaintiffs are not licensed contractors, the Defendants should have known or should have discovered that Plaintiffs lacked a contractor's license in 2012. The Court finds this claim to be timely-filed. Defendants have maintained that they were unaware that the Plaintiffs lacked a license until their defense counsel reviewed Plaintiffs' lawsuit in 2015. In addition, the Defendants assert that they relied

4

Case 3:15-cv-00014-HBG Document 89 Filed 08/08/16 Page 5 of 5 PageID #: 1352

on GSA's representation that the Plaintiffs were licensed. At this juncture, the Court is not prepared to rule that Defendants were unreasonable.

### III. CONCLUSION

For the reasons explained below, the Court **GRANTS IN PART AND DENIES IN PART** the Defendant's Motion to Amend Counterclaim [**Doc. 81**]. The Defendants shall file their proposed Counterclaim consistent with this Memorandum and Order as their operative pleading in ECF on or before **August 18, 2016.**

    **IT IS SO ORDERED**.

                                        ENTER:

                                        */s/ Bruce Guyton*
                                        United States Magistrate Judge